IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| RICHARD MICHAEL QUINN,<br><br>      Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | **MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING § 2255 MOTION**<br><br>Civil Case No. 1:16-CV-72-DN<br>[Criminal Case No. 1:13-CR-52-DN]<br><br>District Judge David Nuffer |

  Petitioner Richard Michael Quinn seeks to vacate and correct his prison sentence under 28 U.S.C. § 2255.[1] Mr. Quinn argues that his sentence resulted from an enhancement based on an application of the unconstitutional residual clause of United States Sentencing Guidelines ("USSG") § 4B1.2, defining "crime of violence," to the guideline for the offense to which he plead guilty, USSG § 2K2.1(a)(3).[2] Mr. Quinn claims that application of the sentencing enhancement violated his right to due process and requires his resentencing.[3]

  Specifically, Mr. Quinn argues that he is entitled to relief under § 2255 based on three court decisions:

- The United States Supreme Court's opinion in *Johnson v. United States*,[4] which held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" is unconstitutionally vague;

---

[1] Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), docket no. 1, filed June 15, 2016.

[2] *Id*.; Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Reply Memorandum"), docket no. 13, filed Oct. 17, 2016; Supplemental Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Supplemental Reply"), docket no. 15, filed Nov. 18, 2016.

[3] § 2255 Motion, docket no. 1, filed June 15, 2016; Reply in Support of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Reply Memorandum"), docket no. 13, filed Oct. 17, 2016.

[4] 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

- The United States Supreme Court's opinion in *Welch v. United States*,[5] which held that *Johnson*[6] announced a new substantive rule that has retroactive effect on collateral review; and

- The Tenth Circuit Court of Appeals' opinion in *United States v. Madrid*,[7] which applied the analysis of *Johnson*[8] to hold that the residual clause of USSG § 4B1.2's definition of "crime of violence" is unconstitutionally vague.

Because Mr. Quinn's sentence was based on a plea agreement entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure,[9] and not an application of the USSG, the holdings of *Johnson*,[10] *Welch*,[11] and *Madrid*[12] are inapplicable to his sentence. Therefore, Mr. Quinn is not entitled to relief under § 2255 and his § 2255 Motion[13] is DENIED and DISMISSED with prejudice.

**Contents**
BACKGROUND ................................................................................................................. 2
DISCUSSION ..................................................................................................................... 7
ORDER ............................................................................................................................. 17

## BACKGROUND

On September 4, 2013, the government filed an Indictment charging Mr. Quinn with one count of Felon in Possession of a Firearm, a violation of 18 U.S.C. § 922(g)(1), and one count of Possession of an Unregistered Short-Barrel Shotgun, a violation of 26 U.S.C. § 5861(d).[14] Mr.

---

[5] 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).

[6] 135 S.Ct. 2551.

[7] 805 F.3d 1204 (10th Cir. 2015).

[8] 135 S.Ct. 2551.

[9] Statement in Advance of Plea Pursuant to Fed. R. Crim. P. 11(c)(1)(C) ("Statement in Advance of Plea"), ECF no. 29 in Case No. 1:13-CR-52-DN ("Criminal Case"), filed Mar. 28, 2014.

[10] 135 S.Ct. 2551.

[11] 136 S.Ct. 1257.

[12] 805 F.3d 1204.

[13] Docket no. 1, filed June 15, 2016.

[14] Indictment, ECF no. 1 in Criminal Case, filed Sept. 4, 2013.

Quinn made his initial appearance on September 18, 2013, and plead not guilty to the charges.[15] Subsequently, a change of plea hearing was held on March 28, 2014, at which Mr. Quinn entered a guilty plea to the Felon in Possession of a Firearm charge.[16]

Mr. Quinn's guilty plea was entered pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.[17] The parties agreed that "[p]ursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the [c]ourt will be 48 months imprisonment, and further agree[d] that 48 months is a reasonable sentence."[18] In exchange for Mr. Quinn's guilty plea to the Felon in Possession of a Firearm charge, waiver of his rights to appellate and collateral review, and agreement to forfeit his interests in certain property, the government agreed to dismiss the Possession of an Unregistered Short-Barrel Shotgun charge at the time of his sentencing.[19]

The only reference to the USSG in the plea agreement states:

> I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the [c]ourt must consider, but is not bound by, the [USSG], in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the [c]ourt may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea for that reason. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the [c]ourt does not accept the terms of this agreement.[20]

---

[15] Minute Entry for Proceedings Held Before Magistrate Judge Dustin B. Pead, ECF no. 9 in Criminal Case, entered Sept. 18, 2013.

[16] Minute Entry for Proceedings Held Before Magistrate Judge Paul M. Warner, ECF no. 27 in Criminal Case, entered Mar. 28, 2014.

[17] Statement in Advance of Plea, ECF no. 29 in Criminal Case, filed Mar. 28, 2014.

[18] *Id*. ¶ 12.C.(1).

[19] *Id*. ¶ 12.

[20] *Id*. ¶ 3.

Mr. Quinn, his counsel, and counsel for the government also represented that all terms of the plea agreement were set forth in Mr. Quinn's Statement in Advance of Plea, and that they would raise any exceptions or additional terms at Mr. Quinn's change of plea hearing.[21]

At Mr. Quinn's change of plea hearing, the parties represented that the only additional term to the plea agreement that was not in Mr. Quinn's Statement in Advance of Plea was that Mr. Quinn would not be prosecuted in State court for the weapons and ammunition identified in his Statement in Advance of Plea.[22] The only discussion of the USSG at the hearing was in relation to the district judge's review of Mr. Quinn's Presentence Report when determining whether to accept the agreed-upon 48-month sentence.[23]

Mr. Quinn was sentenced on June 12, 2014.[24] At the sentencing hearing, the district judge indicated that he had reviewed Mr. Quinn's Presentence Report and Statement in Advance of Plea.[25] The district judge also noted that the parties had agreed to a 48-month sentence and that the Presentence Report calculated Mr. Quinn's guideline range of imprisonment as 84 to 105 months based on an offense level of 23 and a criminal history category of V.[26] The Presentence Report reached these figures by using the base offense level of 22 found in USSG § 2K2.1(a)(3), as "the firearm involved [wa]s described in 26 U.S.C. § 5845(a)" and as Mr. Quinn "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of

---

[21] *Id*. at 6, 8.

[22] Transcript of March 28, 2014 Change of Plea Hearing ("Change of Plea Hearing Transcript") at 17:12-19:24, docket no. 12-2, filed Sept. 16, 2016, ECF no. 42 in Criminal Case, filed Aug. 24, 2016.

[23] *Id*. at 9:4-14, 15:24-16:11, 22:19-23:2.

[24] Minute Entry for Proceedings Before Judge David Nuffer, ECF no. 34 in Criminal Case, entered June 12, 2014.

[25] Transcript of June 12, 2014 Sentencing Hearing ("Sentencing Hearing Transcript") at 3:7-9, docket no. 12-1, filed Sept. 16, 2016, ECF no. 40 in Criminal Case, filed Aug. 5, 2016.

[26] *Id*. at 3:9-14.

violence or a controlled substance offense[.]"[27] The Presentence Report identified Mr. Quinn's prior felony conviction for a crime of violence as his May 6, 2012 conviction for Failure to Stop or Respond at Command of Police.[28] Neither party objected to the Presentence Report.

In discussing the reasonableness of the agreed-upon 48-month sentence at the sentencing hearing, counsel for the government stated:

> We are below the guidelines on this case at 48 months. I think first off, we look at the defendant, the 48 months is justifiable when you look at his record…[29]
>
> I think 48 months compared to the defendant's prior terms of incarceration for him would be substantial. After his two prior convictions for possession of firearm by a restricted person, he went on in 2012 to commit a felony of evading, which is a crime of violence, which factors into his guidelines today. This will be his fourth felony level conviction, and he's only 30 years old.[30]
>
> I think that in reaching an agreement of 48 months we were seeing that as both substantial compared to what he's ever served before and also sufficient to meet our purposes on this.[31]

Mr. Quinn's counsel further indicated:

> Another factor that went into the 11(c)(1)(C) agreement, I believe, at least it was part of our agreement, our motivation for accepting the deal, was there is an issue in this case of destruction of evidence that we forewent in exchange for that deal. We believe that could have been litigated. And that because of the rise that he's given up in challenging that issue and getting evidence suppressed, we believe that this is an appropriate resolution and would ask the [c]ourt to accept the plea and take on that, as well...[32]
>
> This is a sufficient sentence, but not greater than necessary. We believe it complies with the 3553(a) factors and would ask the [c]ourt to accept that and sentence it at that level.[33]

---

[27] Presentence Report ¶ 13, ECF no. 32 in Criminal Case, filed June 3, 2014.

[28] *Id*. ¶¶ 13, 30.

[29] Sentencing Hearing Transcript at 4:4-7, docket no. 12-1, filed Sept. 16, 2016, ECF no. 40 in Criminal Case, filed Aug. 5, 2016.

[30] *Id*. at 4:16-22.

[31] *Id*. at 4:23-5:1.

[32] *Id*. at 7:7-15.

[33] *Id*. at 8:18-21.

The district judge acknowledged that the "sentence is just above half of the low end of the guideline range."[34] In accepting the agreed-upon 48-month sentence, the district judge stated:

> Given the amount of time that he has served previously and his age and the nature of his criminal history, I think we've got a chance to get Mr. Quinn back into the productive mainstream of society if he's not incarcerated too long. Long enough, though, to make the impression that's required by the statute.
>
> So I accept the 11(c)(1)(C) agreement and sentence him to the custody of the Bureau of Prisons for a period of 48 months.[35]

Following the sentencing hearing, on June 23, 2014, a judgment setting forth Mr. Quinn's sentence entered.[36] Mr. Quinn did not appeal his sentence. Approximately two years later, on June 15, 2016, Mr. Quinn filed a § 2255 Motion[37] seeking to vacate and correct his sentence. The government filed its Response Memorandum[38] on September 16, 2016, and Mr. Quinn filed his Reply Memorandum[39] on October 17, 2016.

On November 15, 2016, a proposed Memorandum Decision and Order was sent to counsel with instruction that either party could request a hearing on Mr. Quinn's § 2255 Motion and the proposed Memorandum Decision and Order.[40] In response, Mr. Quinn requested a hearing, which was then held on November 21, 2016.[41] At the close of the hearing, the matter was taken under advisement.[42]

---

[34] *Id*. at 6:1-2.

[35] *Id*. at 9:25-10: 8.

[36] Judgement in a Criminal Case, ECF no. 35 in Criminal Case, entered June 23, 2014.

[37] Docket no. 1, filed June 15, 2016.

[38] United States' Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Response Memorandum"), docket no. 12, filed Sept. 16, 2016.

[39] Reply Memorandum, docket no. 13, filed Oct. 17, 2016.

[40] Email to Counsel dated Nov. 15, 2015, docket no. 16, filed Nov. 21, 2016; Memorandum Decision and Order Denying and Dismissing § 2255 Motion, docket no. 16-1, filed Nov. 21, 2016.

[41] Minute Entry for Proceedings Before Judge David Nuffer, docket no. 17, entered Nov. 21, 2016.

[42] *Id*.

**DISCUSSION**

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."[43] For all motions brought pursuant to § 2255, "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief," a hearing must be granted and notice must be provided to the government.[44] Where the record conclusively shows that the petitioner is entitled to no relief, the district court may exercise discretion to rule on the record alone, without first holding a hearing.[45] A § 2255 petitioner has the burden of establishing entitlement to relief.[46]

Mr. Quinn claims entitlement to relief under § 2255 arguing that his sentence was based on an enhancement derived from the unconstitutionally vague residual clause of USSG § 4B1.2's definition of "crime of violence" in violation of his right to due process.[47] Mr. Quinn's § 2255 Motion[48] is dependent on the applicability of the holdings in the United States Supreme Court's opinions in *Johnson v. United States*[49] and *Welch v. United States*[50] and the Tenth Circuit Court of Appeals' opinion in *United States v. Madrid*[51] to his sentence. In *Johnson*, the Supreme Court applied the void-for-vagueness doctrine to the residual clause of the ACCA's definition of "violent felony" to hold that "imposing an increased sentence under the residual clause of the

---

[43] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotations omitted).

[44] 28 U.S.C. § 2255(b).

[45] *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

[46] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000); *Romine v. Head*, 253 F.3d 1349, 1357 (11th Cir. 2001).

[47] § 2255 Motion, docket no. 1, filed June 15, 2016; Reply Memorandum at 6-8, docket no. 13, filed Oct. 17, 2016; Supplemental Reply, docket no. 15, filed Nov. 18, 2016.

[48] Docket no. 1, filed June 15, 2016.

[49] 135 S.Ct. 2551.

[50] 136 S.Ct. 1257.

[51] 805 F.3d 1204.

[ACCA] violates the Constitution's guarantee of due process."[52] The Supreme Court then held in *Welch* that the "new rule" announced in *Johnson* "affected the reach of the underlying statute rather than the judicial procedures by which the statute applied" and "thus [is] a substantive decision and so has retroactive effect … in cases on collateral review."[53] In *Madrid*, the Tenth Circuit applied the analysis of *Johnson* to the residual clause of USSG § 4B1.2's definition of "crime of violence" to hold that "[t]he concerns about judicial inconsistency that motivated the [United States Supreme] Court in *Johnson* lead [to the] conclu[sion] that the residual clause of [USSG § 4B1.2] is also unconstitutionally vague."[54]

To demonstrate that his sentence was based on an enhancement derived from the residual clause of USSG § 4B1.2, Mr. Quinn asserts that "the [district] court applied USSG § 2K2.1, which imposes an increased base offense level for an offender who was previously convicted of a 'crime of violence'" as defined in USSG § 4B1.2.[55] Mr. Quinn relies on his Presentence Report's use of this enhancement in calculating a 84- to 105-month guideline range of imprisonment.[56] Mr. Quinn asserts that at his sentencing hearing, the district judge considered the relationship between the agreed-upon 48-month sentence and the Presentence Report's calculation of his guideline range, and counsel for the government specifically referenced the guideline range in supporting the agreed-upon sentence.[57] Therefore, Mr. Quinn argues:

> [B]ecause the [g]uideline range before the [district judge] included the enhancement based on the residual clause [of USSG § 4B1.2], and because the [district judge] was legally required to refer to the [USSG] in imposing sentence,

---

[52] 135 S.Ct. at 2563.

[53] 136 S.Ct. at 1265 (citing *Johnson*, 135 S.Ct. 2551).

[54] 805 F.3d at 1210 (citing *Johnson*, 135 S.Ct. 2551).

[55] § 2255 Motion at 2, docket no. 1, filed June 15, 2016.

[56] Presentence Report ¶¶ 13, 30, 55, ECF no. 32 in Criminal Case, filed June 3, 2014.

[57] Reply Memorandum at 7, docket no. 13, filed Oct. 17, 2016 (citing Sentencing Hearing Transcript at 3:7-16, 5:4-6:5, docket no. 12-1, filed Sept. 16, 2016, ECF no. 40 in Criminal Case, filed Aug. 5, 2016).

[the 48-month agreed-upon] sentence imposed under Rule 11(c)(1)(C) is based on the residual clause as a matter of law.[58]

Neither Mr. Quinn nor the government cited any legal authority for determining when a term of imprisonment imposed pursuant to a Rule 11(c)(1)(C) agreement is based on the USSG, as opposed to being based on the agreement itself.[59] Both the United States Supreme Court and the Tenth Circuit Court of Appeals have spoken on the issue in the context of a defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

In *Freeman v. United States*,[60] the Supreme Court in a plurality opinion reversed a district court's denial of a motion to reduce sentence under § 3582(c)(2). The plurality reasoned that "[e]ven when a defendant enters into [a Rule] 11(c)(1)(C) agreement, the [district] judge's decision to accept the plea and impose the recommended sentence is likely to be based on the [USSG]; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief."[61] The plurality opinion concluded that where the record reveals that the district judge considered the USSG and "expressed [an] independent judgment that the sentence was appropriate in light of the applicable [g]uidelines range," the sentence imposed is "'based on' that range" and the defendant is eligible for relief under § 3582(c)(2).[62]

The dissent in *Freeman*, on the other hand, reasoned that "[t]he reality is that whenever the parties choose a fixed term, there is no way of knowing what that sentence was 'based on.'"[63] The dissent determined that while the USSG may be "'used' or employed' *by the parties* in

---

[58] *Id*. at 8 (internal quotations omitted).

[59] § 2255 Motion, docket no. 1, filed June 15, 2016; Response Memorandum, docket no. 12, filed Sept. 16, 2016; Reply Memorandum, docket no. 13, filed Oct. 17, 2016.

[60] 564 U.S. 522, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (plurality opinion).

[61] *Id*. at 534.

[62] *Id*. at 530-31.

[63] *Id*. at 549 (Roberts, C.J., dissenting)

9

arriving at [a] Rule 11(c)(1)(C) sentencing term, [the USSG are] not 'applied when the defendant [is] sentenced.'"[64] The dissent concluded that the district judge merely considers the USSG as a yardstick in determining whether to accept a stipulated sentence, but "[o]nce the [district judge] accept[s] the agreement, all that [is] later 'applied' [is] the sentence set forth in that agreement[,]" and therefore, the defendant is not eligible for relief under § 3582(c)(2).[65]

Justice Sotomayor authored the concurring opinion in *Freeman*, which struck a middle ground between the plurality opinion and the dissent.[66] Justice Sotomayor framed the issue as: "[T]o ask whether a particular term of imprisonment is 'based on' a [g]uidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment."[67] Justice Sotomayor recognized:

> At the time of sentencing, the term of imprisonment imposed pursuant to a [Rule 11(c)(1)](C) agreement does not involve the [district judge's] independent calculation of the [g]uidelines or consideration of the other 18 U.S.C. § 3553(a) factors. The [judge] may only accept or reject the agreement, and if it chooses to accept it, at sentencing the [district judge] may only impose the term of imprisonment the agreement calls for; the [judge] may not change its terms.[68]

"In the [Rule 11(c)(1)](C) agreement context, therefore, it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced."[69] While the parties' "plea bargaining necessarily occurs in the shadow of the sentencing scheme to which the defendant would otherwise be subject[,]" the term of imprisonment imposed "is not 'based on' those background negotiations; instead… it is based on the binding agreement produced by those

---

[64] *Id*. at 548 (emphasis in original).

[65] *Id*.

[66] *Id*. at 534-43 (Sotomayor, J., concurring).

[67] *Id*. at 535.

[68] *Id*.

[69] *Id*.

10

negotiations."[70] Thus, "[t]he term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's [g]uidelines calculation."[71]

Nevertheless, Justice Sotomayor recognized that "[i]n delineating the agreed-upon term of imprisonment, some [Rule 11(c)(1)](C) agreements may call for the defendant to be sentenced within a particular [g]uidelines sentencing range."[72] "In such cases, the district [judge's] acceptance of the agreement obligates the [judge] to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the [judge] imposes is 'based on' the agreed-upon sentencing range[.]"[73] Therefore, Justice Sotomayor concluded that "when a [Rule 11(c)(1)](C) agreement *expressly* uses a [g]uidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the [Sentencing] Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)."[74] In other words, "[w]hen a [Rule 11(c)(1)](C) agreement *explicitly employs* a particular [g]uidelines sentencing range to establish the term of imprisonment, the agreement itself demonstrates the parties' intent that the imposed term of imprisonment will be based on that range[.]"[75]

In *United States v. Graham*, the Tenth Circuit Court of Appeals concluded that "Justice Sotomayor's concurrence [in *Freeman*] is the narrowest grounds of decision and represents the [Supreme] Court's holding."[76] The Tenth Circuit has since consistently applied Justice Sotomayor's analysis to determine when a term of imprisonment imposed pursuant to a

---

[70] *Id*. at 538.

[71] *Id*. at 536.

[72] *Id*.

[73] *Id*.

[74] *Id*. at 539 (emphasis added).

[75] *Id*. at 540 (emphasis added).

[76] 704 F.3d 1275, 1278 (10th Cir. 2013) (citing *Freeman*, 564 U.S. 522).

Rule 11(c)(1)(C) agreement is based on the agreement itself, or on the district judge's calculation of the USSG.[77] Therefore, under the precedent set by Justice Sotomayor's concurrence in *Freeman*[78] and the Tenth Circuit in *Graham*,[79] the "two situations in which a [R]ule 11(c)(1)(C) plea agreement is based on a [g]uidelines sentencing range [are]: (1) when the agreement calls for the defendant to be sentenced within a particular [g]uidelines sentencing range, or (2) when the plea agreement provides for a specific term of imprisonment but also makes clear that the basis for the specific term is a [g]uidelines sentencing range applicable to the offense to which the defendant pleaded guilty."[80] "In the second situation, the sentencing range that forms the basis of the specified term should be evident from the agreement itself."[81]

Under this analysis, the agreed-upon 48-month sentence in Mr. Quinn's plea agreement[82] was not based on an application of USSG § 4B1.2's residual clause. Mr. Quinn's plea agreement neither calls for his sentence to be within a particular USSG range, nor expressly states that the USSG formed the basis for the agreed-upon sentence.[83] While the plea agreement references the USSG in the context of the district judge's review of the agreement,[84] "simply mentioning the [g]uidelines in a plea agreement does not 'make clear' what sentencing range is applicable."[85] Mr. Quinn's plea agreement does not mention or describe any sentencing range, or contain the

---

[77] *See e.g. United States v. Rodriguez*, 653 Fed. Appx. 655 (10th Cir. 2016); *United States v. Jones*, 634 Fed. Appx. 649 (10th Cir. 2015); *United States v. Prince*, 627 Fed. Appx. 738 (10th Cir. 2015); *United States v. Falcon-Sanchez*, 622 Fed. Appx. 766 (10th Cir. 2015).

[78] 564 U.S. at 534-43 (Sotomayor, J., concurring).

[79] 704 F.3d 1275.

[80] *Jones*, 634 Fed. Appx. at 650 (internal quotations and punctuation omitted).

[81] *Id.* at 650-51 (internal quotations omitted).

[82] Statement in Advance of Plea, ECF no. 29 in Criminal Case, filed Mar. 28, 2014.

[83] *Id.*

[84] *Id.* ¶ 3.

[85] *Jones*, 634 Fed. Appx. at 651 (internal punctuation omitted).

information necessary to independently calculate the applicable USSG range.[86] Rather, the plea agreement states only that the parties agreed that "[p]ursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the [c]ourt will be 48 months imprisonment, and further agree[d] that 48 months is a reasonable sentence."[87] Therefore, Mr. Quinn's sentence was based on the terms of the plea agreement itself,[88] not on an application of USSG § 4B1.2's residual clause.

Mr. Quinn argues that this analysis is improper for his § 2255 Motion, as *Freeman* and its progeny do not speak to the availability of § 2255 relief, but rather merely construe the term "based on" as it is used in § 3582(c)(2).[89] That statute, unlike § 2255, does not have a purpose of correcting constitutional error.[90] Mr. Quinn supports his argument with a district court ruling from the District of Nebraska.[91] In *United States v. Beck*,[92] the district judge permitted § 2255 relief under *Johnson*[93] and *Welch*[94] to a defendant who was sentenced under a Rule 11(c)(1)(C) plea agreement. However, *Beck*[95] is distinguishable, non-binding authority.

In *Beck*, the district judge first determined that the defendant's sentence was "based on" the USSG under Justice Sotomayor's concurrence in *Freeman*.[96] "The agreement expressly provided that if the defendant were determined to be a career offender, his offense level would

---

[86] Statement in Advance of Plea, ECF no. 29 in Criminal Case, entered Mar. 28, 2014.

[87] *Id*. ¶ 12.C.(1).

[88] *Id*.

[89] Supplemental Reply at 2-3, docket no. 15, filed Nov. 18, 2016 (citing *Freeman*, 564 U.S. 522).

[90] *Id*.

[91] *Id*. at 3-4 (citing *United States v. Beck*, 2016 WL 3676191 (D. Neb. July 6, 2016)).

[92] 2016 WL 3676191.

[93] 135 S.Ct. 2551.

[94] 136 S.Ct. 1257.

[95] 2016 WL 3676191.

[96] *Id*. at *4 (citing *Freeman*, 564 U.S. at 534-43 (Sotomayor, J., concurring)).

be determined under [USSG §] 4B1.1(a)."[97] Mr. Quinn's plea agreement, on the other hand, contains no language that could lead to a conclusion that his sentence was based on an application of the USSG.[98] Further, the agreed-upon 110-month sentence in *Beck* was the low end of the guideline range as calculated with the enhancement.[99] Mr. Quinn's agreed-upon 48-month sentence is well below the guideline range with or without the enhancement.[100]

The district judge in *Beck* then reasoned that under the circumstances "[t]he binding plea agreement [did] not prevent … consideration of the impact of the *Johnson* decision on the defendant's sentence."[101] The district judge observed that "[h]ad Beck not been designated a career offender under the [USSG], the circumstances of his sentencing would have been significantly different."[102] The district judge noted that "[o]rdinarily, absent some unusual circumstances, [he] would not accept a Rule 11(c)(1)(C) agreement for a sentence of 110 months on a felon-in-possession charge for a defendant who was not subject to a [USSG] enhancement for two drug-trafficking or violent felony offenses."[103] Therefore, the district judge determined:

> The agreed-upon sentence … was reasonable only to the extent that it reflected the [USSG] determination of a then-fair sentence in consideration of the defendant's offense and criminal history. To enforce the agreement as written, in spite of the defendant's changed status, would be a miscarriage of justice.[104]

---

[97] *Id*. at *5.

[98] Statement in Advance of Plea, ECF no. 29 in Criminal Case, filed Mar. 28, 2014.

[99] 2016 WL 3676191, *5.

[100] Presentence Report ¶¶ 13, 30, 55, ECF no. 32 in Criminal Case, filed June 3, 2014; Reply Memorandum at 23, docket no. 13, filed Oct. 17, 2016.

[101] *Beck*, 2016 WL 3676191, *5 (citing *Johnson*, 135 S.Ct. 2551).

[102] *Id*.

[103] *Id*.

[104] *Id*.

Unlike the situation in *Beck*,[105] Mr. Quinn's agreed-upon 48-month sentence was well below the Presentence Report's calculation of an 84- to 105-month guideline range of imprisonment.[106] The agreed-upon 48-month sentence is also well below the 70- to 87-month guideline range that Mr. Quinn asserts would apply in the absence of the enhancement from USSG § 4B1.2's residual clause.[107] Under either calculation, Mr. Quinn's agreed-upon 48-month sentence is reasonable, and it is speculative to argue that he could have negotiated or received a lower sentence.[108] Therefore, Mr. Quinn suffers no actual prejudice—"actual and substantial disadvantage"[109]—by the enforcement of his plea agreement.

Mr. Quinn also argues that *Freeman* should not apply because § 3582(c)(2) contains the term "based on" while § 2255 does not.[110] This makes no meaningful distinction to Mr. Quinn's § 2255 Motion.[111] Mr. Quinn's claim under § 2255 is that the use of the sentencing enhancement from USSG § 4B1.2's residual clause violated his right to due process and requires his resentencing.[112] This claim necessarily requires inquiry into whether Mr. Quinn's sentence actually resulted from an application of USSG § 4B1.2's residual clause. Whether framed as his sentence being "based on" the USSG,[113] or imposed under the correct USSG,[114] the terms of Mr. Quinn's plea agreement[115] are the base on which the determination is made.

---

[105] 2016 WL 3676191.

[106] Presentence Report ¶¶ 13, 30, 55, ECF no. 32 in Criminal Case, filed June 3, 2014.

[107] Reply Memorandum at 23, docket no. 13, filed Oct. 17, 2016.

[108] Supplemental Reply at 4-5, docket no. 15, filed Nov. 18, 2016; Declaration of Ben Hamilton ¶ 9, docket no. 15-1, filed Nov. 18, 2016.

[109] *United States v. Bailey*, 286 F.3d 1219, 1223 (10th Cir. 2002) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

[110] Supplemental Reply at 2-3, docket no. 15, filed Nov. 18, 2016 (citing *Freeman*, 564 U.S. 522).

[111] Docket no. 1, filed June 15, 2016.

[112] *Id.*; Reply Memorandum, docket no. 13, filed Oct. 17, 2016.

[113] *Freeman*, 564 U.S. at 534-43 (Sotomayor, J., concurring).

Mr. Quinn's Presentence Report's use of USSG § 4B1.2's residual clause in calculating a guideline range of 84 to 105 months imprisonment is inconsequential.[116] The parties' possible reference to or assumptions regarding the USSG during their plea negotiations is also inconsequential.[117] Mr. Quinn's sentence was "not 'based on' those background negotiations[,]" but rather was based on "the binding agreement produced by those negotiations."[118] Indeed, the plea agreement acknowledges that the parties' calculations of the USSG may not be accurate and may differ from any calculation made by the district judge.[119] And the district judge's consideration the Presentence Report and the USSG in accepting the plea agreement, and discussion of the USSG with counsel at Mr. Quinn's sentencing hearing, is inconsequential.[120] The term of imprisonment imposed by the district judge was dictated by the terms of Mr. Quinn's plea agreement,[121] not on an application of the USSG. Therefore, the holdings of *Johnson*,[122] *Welch*,[123] and *Madrid*[124] are inapplicable to Mr. Quinn's sentence and he is not entitled to relief under § 2255.

---

[114] *See e.g. Molina-Martinez v. United States*, 136 S.Ct. 1338, 194 L.Ed.2d 444 (2016); *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 696, 148 L.Ed.2d 604 (2001); *United States v. Horey*, 333 F.3d 1185 (10th Cir. 2003).

[115] Statement in Advance of Plea, ECF no. 29 in Criminal Case, filed Mar. 28, 2014.

[116] Presentence Report ¶¶ 13, 30, 55, ECF no. 32 in Criminal Case, filed June 3, 2014.

[117] Declaration of Ben Hamilton ¶¶ 4,6, docket no. 15-1, filed Nov. 18, 2016.

[118] *Freeman*, 564 U.S. at 538 (Sotomayor, J., concurring).

[119] Statement in Advance of Plea ¶ 3, ECF no. 29 in Criminal Case, entered Mar. 28, 2014

[120] Sentencing Hearing Transcript at 3:7-14, 4:4-5:1, 6:1-2, 7:7-15, 8:18-21, 9:25-10:8, docket no. 12-1, filed Sept. 16, 2016, ECF no. 40 in Criminal Case, filed Aug. 5, 2016.

[121] Statement in Advance of Plea, ECF no. 29 in Criminal Case, filed Mar. 28, 2014.

[122] 135 S.Ct. 2551.

[123] 136 S.Ct. 1257.

[124] 805 F.3d 1204.

## ORDER

IT IS HEREBY ORDERED that Mr. Quinn's § 2255 Motion[125] is DENIED and DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

IT IS FURTHER HEREBY ORDERED that, pursuant to Rule 11(a) of the Rules governing § 2255 Cases, Mr. Quinn is DENIED a certificate of appealability.

The Clerk is directed to close the case.

Signed November 29, 2016.

BY THE COURT

District Judge David Nuffer

---

[125] [Docket no. 1](Docket no. 1), filed June 15, 2016.